

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2003

# USA v. Mintz

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Mintz" (2003). *2003 Decisions*. Paper 218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3920

UNITED STATES OF AMERICA

v.

WALTER S. MINTZ, III,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 01-cr-00492 )
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2003
Before:  RENDELL, WEIS, and GARTH Circuit Judges.
Filed    October 7, 2003

_____

OPINION

WEIS, Circuit Judge.

Defendant was convicted by a jury of threatening to assault and murder

United States District Judge James McGirr Kelly with intent to retaliate against him on

account of performance of his official duties in violation of 18 U.S.C. § 115(a)(1)(B).

1

Defendant was sentenced to five-years probation.

Because this is a Not Precedential Opinion, we will review only the relevant facts pertinent to this appeal.

Defendant had filed a civil suit in the United States District Court for the Eastern District of Pennsylvania, which Judge Kelly dismissed. Defendant then filed a pleading captioned "Plaintiff's Opposition to Judge James McGirr Kelly, U.S.D.C. E.D. PA. et al. Order to Dismiss." The pleading was a rambling, incoherent and bizarre writing phrased in coarse and vulgar language. Defendant stated, *inter alia*, "He James McGuirr (sic) Kelly signed the death warrant of every Irish piece of s___ in the four corners of the universe known as the Kingdom of God . . . anything you say or do will be used against you in a court of law on grounds of justifiable f___ homicide . . .."

On being arrested by FBI agents, defendant admitted to being the author of the pleading. At trial, the defense called Doctor Allan M. Tepper, an expert in psychology who diagnosed the defendant's condition as paranoid-type schizophrenia. As a consequence of this disorder, the defendant's thinking was, at times, unreasonable or not based on reality, and often characterized by a belief that he was God. This disorder had existed since 1975 and defendant had received extensive treatment. On cross-examination, however, Dr. Tepper admitted that defendant was not legally insane and that he did possess the ability to form the intent to retaliate against someone.

2

In rebuttal, the government offered the testimony of Dr. John O'Brien. He similarly opined that, notwithstanding his mental illness, defendant had the capacity to form the intent to retaliate and do harm to others.

On appeal, the defense contends that the expert evidence should have been excluded under Federal Rule of Evidence 704(b). That Rule prohibits an expert from testifying that "the defendant did or did not have the mental state or condition constituting an element of the crime charged . . .." As we explained in United States v. Bennett, 161 F.3d 171 (3d Cir. 1998), expert testimony is admissible if it is "limited to a factual description of the defendant's mental capacity, without any opinion or inference as to whether the defendant had the mental state required for commission of the offense." Id. at 183.

In United States v. Pohlot, 827 F.2d 889 (3d Cir. 1987), we concluded that evidence of mental abnormality to support a diminished capacity defense was barred. However, such evidence to negate an element of *mens res* was admissible. Pohlot's conviction was affirmed because, even if the psychiatric testimony were credited, it did not negate a finding of specific intent.

In the appeal before us, the expert testimony was that defendant had the ability to form the intent to retaliate. In context, that was an explanation of a certain aspect of the defendant's mental condition, rather than an opinion that he had the requisite *mens res*. The description of the defendant's mental disability was somewhat

complicated and the comments on the ability to form an intent was a reasonable effort to assist the jury in understanding the extent of the impairment. We do not find this evidence to contravene the prohibition of Rule 704(b).

Defendant also contends that the evidence was insufficient to prove beyond a reasonable doubt that his words constituted a knowing threat. We must reject this argument. Our review of the record on a challenge to the sufficiency of the evidence is a narrow one. See Jackson v. Virginia, 443 U.S. 307 (1979). It was for the jury to consider whether a reasonable recipient would interpret the writing as a threat. As we stated in United States v. Kosma, 951 F.2d 549, 555 (3d Cir. 1991), "whether a speaker's language constitutes a threat is a matter to be decided by the trier of fact."

Accordingly, the judgment of the District Court will be affirmed.

_____